UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FIRST COMMUNITY BANK,

    Plaintiff,

    v.

LARRY L. MILLER,

    Defendant.
_____/

No. 09-80131 PJH MISC

**ORDER**

    Before the court is the motion of plaintiff First Community Bank ("the Bank") pursuant to Federal Rule of Civil Procedure 69(a), California Code of Civil Procedure §§ 708.310 to 708.320, and California Corporations Code § 15673 and/or § 16504, for an order (1) charging the interest of defendant Larry L. Miller ("Miller") in the limited partnership known as Sierra Industries West, L.P., with payment of the unpaid balance of the judgment previously entered and registered in this case, which the Bank claims totals $6,650,653.66 as of January 12, 2011; and (2) directing that limited partnership and all general partners thereof to pay any money or property due (or becoming due) to Miller directly to the Bank until the remaining amount due on the judgment, plus all interest, costs, and attorney's fees, is paid in full. Miller filed no opposition to the motion.

    This is a miscellaneous case that began with the Bank's June 23, 2009 registration of a judgment entered by the U.S. District Court for the District of Arizona against defendant Miller (an Arizona resident) on May 18, 2009. The Bank has obtained two prior writs of execution from this court, and has apparently recently obtained a third (renewed) writ.

The Bank is moving for two types of orders.  First, the Bank appears to be seeking an "assignment order" – an order pursuant to Federal Rule of Civil Procedure 69(a) and California Civil Procedure Code § 708.510, requiring Miller to assign his interest in any payments now due or to become due to him in connection with the Sierra Industries West limited partnership.

Federal Rule 69 governs the enforcement of final judgments in federal court, and provides in part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); see also Duchek v. Jacobi, 646 F.2d 415, 416 (9th Cir. 1981).

California Code of Civil Procedure § 708.510 provides, in part:

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments.

Cal. Civ. P. Code § 708.510(a).

Second, the Bank is also moving, pursuant to Rule 69(a) and California Code of Civil Procedure § 708.310, for an order charging Miller's partnership interest in the Sierra Industries limited partnership with payment of the unpaid balance of the judgment that was entered against him by the Arizona court.

Code of Civil Procedure § 708.310 provides for orders charging interest:

> If a money judgment is rendered against a partner but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section 15673, 16504, or 17302 of the Corporations Code.

Cal. Civ. P. Code § 708.310.

Here, the Arizona court issued a money judgment against Miller, and that judgment was registered in this district.  The evidence submitted by the Bank shows that Miller conceded that he – at least at one time – held a limited partnership interest in Sierra

1 Industries West, L.P., which appears to be a California limited partnership.

2 The Bank argues that Miller's interest in the Sierra West limited partnership may be
3 applied toward the satisfaction of the judgment by an order charging Miller's interest
4 pursuant to Section 15673 of the California Corporations Code, which provides,

> On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the limited partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the limited partnership interest. This chapter does not deprive any partnership of the benefit of any exemption laws applicable to the partner's limited partnership interest.

9 Cal. Corp. Code § 15673.  Similarly, the Bank asserts, Corporations Code § 16504
10 provides that a court that enters a judgment, or any other court of competent jurisdiction,
11 may charge the interest of a partner with payment of an unsatisfied amount of the
12 judgment, and may make all orders that circumstances of the case require.

13 The motion is GRANTED.  The Bank is entitled to the relief it seeks, under the
14 above-cited authority.  As Miller has filed no opposition, the court finds no reason not to
15 grant the motion.  Accordingly, it is ORDERED that the interest of defendant Larry L. Miller
16 in the limited partnership of Sierra Industries West, L.P., is charged with the unpaid balance
17 of the judgment entered on May 18, 2009, by the United States District Court for the District
18 of Arizona, in the favor of First Community Bank and against Miller, and subsequently
19 registered in this District on June 23, 2009.  It is further ORDERED that Miller's interest in
20 any payments now due or to become due to him in connection with the Sierra Industries
21 West limited partnership be assigned to First Community Bank.

22 The date for the hearing on the motion, previously set for February 23, 2011, is
23 VACATED.

**IT IS SO ORDERED.**

Dated:  February 18, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

3